## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **DAVID THOMAS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division No. |
| **CREDIT CORP SOLUTIONS INC.**, ) | |
| Serve R/Agt: ) | |
| National Registered Agents, Inc. ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| Defendant. ) | |

### PETITION

COMES NOW David Thomas, by and through the undersigned, and asserts this cause of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against Credit Corp Solutions Inc., and in support thereof, states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff David Thomas is a natural person.

2.  Defendant Credit Corp Solutions Inc. is a foreign corporation registered and in good standing with the Missouri Secretary of State.

3.  This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.

4.  This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k(d).

5.  Venue is proper in St. Louis County pursuant to § 508.010(2) R.S.Mo., where Defendant maintains a registered agent.

6.  Plaintiff and Defendant never agreed to arbitrate any dispute between them.

## BACKGROUND

7. Defendant's principal business is the collection of consumer debts, and it regularly uses the mails and other instrumentalities of interstate commerce in the pursuit of that business.

8. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed another.

9. In the course of its debt collection business, Defendant mailed to Plaintiff a letter on or about August 25, 2016, a true and correct copy of which is attached hereto as Exhibit 1.

10. Plaintiff recognized the debt as arising out of personal, consumer, and household use of a credit card.

11. Upon information and belief, Plaintiff did not owe the full $2,232.11 listed within the August 25, 2016.

12. The last statement Plaintiff received relating to the credit card from the original creditor, Synchrony Bank, showed he owed no more than $1,725.26 as of October 12, 2015.

13. Plaintiff made no purchases after he received said statement that would cause the balance to increase.

14. Even assessing $35.00 per month late charges and contractual interest between October 12, 2015, and May 26, 2016, the date of the first communication Plaintiff received from Defendant, the balance could not have increased by $506.85.

15. Defendant thus misrepresented the amount of the debt.

16. Defendant labeled its August 25, 2016 letter a "Pre-Legal Notice."

17. Within the letter, Defendant stated that Plaintiff's "account has been referred to our Pre-Legal Department."

18. This was false.

19. Defendant does not have a "pre-legal" or other similar department that performs any legal analysis of a given consumer's debt.

20. Upon information and belief, Defendant sends the same form letter regardless of the individual facts.

21. Defendant uses the form letter to convince unsophisticated consumers that a decision to pursue legal action is imminent.

22. The August 25, 2016 letter invokes the possibility of forwarding the matter to an attorney in an effort to encourage unsophisticated consumers, such as Plaintiff, to pay the alleged debt more quickly.

23. By threatening to send the "account to a law firm to be reviewed by an attorney for possible legal options" if payment is not received, the August 25, 2016 letter is designed to leave no doubt to an unsophisticated consumer that the forwarding to an attorney will occur in the event of non-payment.

24. The letter achieved its objective of oppressing a consumer in connection with the collection of a debt.

25. Facing severe financial hardship, Plaintiff was unable to pay the debt, and continued to worry about being sued.

26. Defendant had no intention of contracting with an attorney to commence a civil action against Plaintiff.

27. As an unsophisticated consumer, Plaintiff did not know or understand that Defendant could not and had no intention of following through on its threats.

28. For months, Plaintiff lost sleep while worrying about the possibility of being served with a lawsuit.

29. Defendant's conduct caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLETION PRACTICES ACT**

30. Plaintiff re-alleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

31. Plaintiff is a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

32. Defendant is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

33. The alleged debt arises out of consumer, family, and/or household transactions.

34. Defendant has attempted to collect the alleged debt from Plaintiff within the previous twelve months.

35. In its attempts to collect the alleged debt from Plaintiff, Defendant has violated the FDCPA, including, but not limited to:

    a. Engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt, in violation of 15 U.S.C. 1692d;

    b. Falsely representing the character and/or legal status of Plaintiff's debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    c. Threatening to take action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

36.   Plaintiff suffered a concrete injury as a result of the conduct of Defendant due to its disregard for and violation of his rights created and guaranteed by federal law, and causing Plaintiff to expend precious time and mental energy, and to suffer anxiety, frustration, and worry.

37.   Defendant's debt collection activities have caused Plaintiff to suffer actual damages as recited herein.

WHEREFORE, Plaintiff prays this honorable Court enter judgment in his favor and against Defendant, specifically awarding the following:

    A.   A finding and conclusion that Defendant has violated the FDCPA as recited herein;

    B.   Statutory damages;

    C.   Costs, interest, and attorneys' fees as provided by law; and

    D.   Such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted,

BRODY & CORNWELL

By: /s/ Bryan E. Brody
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
1 N. Taylor Avenue
St. Louis, MO 63108
Ph:  (314) 932-1068
Fax: (314) 228-0338
Email: BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
***Attorneys for Plaintiff***